DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and )<br>PEOPLE OF THE VIRGIN ISLANDS )<br>)<br>v. )<br>)<br>PHILMORE TREVOR ARCHIBALD, )<br>SIXTUS EMMANUEL, )<br>)<br>        **Defendants.** )<br>_____ ) | Criminal Action No. 2015-0041 |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For the Government*

**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Philmore Archibald*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Sixtus Emmanuel*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant's "Motion to Reconsider Motion to Suppress Physical Evidence and Statements" filed by Defendant Philmore Trevor Archibald ("Defendant" or "Archibald"). (Dkt. No. 111). The Government opposed the Motion. (Dkt. No. 120). For the reasons discussed below, the Court will deny Defendant's Motion.

### I.    PROCEDURAL BACKGROUND

On December 15, 2015, Archibald and his co-Defendant, Sixtus Emmanuel, were charged in a four-count Indictment, along with one other person, with Carjacking, in violation of 18 U.S.C. § 2119(1); Aggravated Rape First Degree, in violation of 14 V.I.C. §§ 1700(c), 1701(a)(2),

1701(a)(3); Kidnapping for Rape, in violation of 14 V.I.C. § 1052(b); and Kidnapping for Robbery, in violation of 14 V.I.C. § 1052(a). (Dkt. No. 1). Subsequently, Archibald filed a "Motion to Suppress Identification" on January 11, 2016, which sought to suppress his identification from a photo array (Dkt. No. 7), and a "Motion to Suppress Physical Evidence and Statements" on February 16, 2016, which sought to suppress statements Archibald made on September 23 and 24, 2015; photographs of and DNA samples taken from him on September 23, 2015; and his cell phone and its contents. (Dkt. No. 21).

In the "Motion to Suppress Physical Evidence and Statements," Archibald argued that he was illegally seized and illegally arrested by officers of the Virgin Islands Police Department ("VIPD"). *Id.* He explained how four VIPD officers approached him in the Mutual Homes Housing Community; that he communicated he did not want to speak with them; and that they continued to question him, handcuffed him, and took him to the police station for questioning. He argued that these facts showed that he submitted to the police officers' show of authority; that his freedom of movement was restricted; and that he reasonably concluded that he would not be free to leave until he acquiesced to the requests of the police for DNA evidence and a photograph—evidence obtained as a result of the illegal seizure. *Id*. at 5-6. He also asserted that his stop by the police, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), was transformed into a *de facto* arrest that was not supported by probable cause, and that his constitutional rights were violated when he was transported to the police station for custodial interrogation. *Id.* at 7-8. He cited *Dunaway v. New York*, 442 U.S. 200 (1979) in support of his position that the reasonable suspicion that supports a *Terry* stop is not enough to allow the police to transport a person to the police station and extract information, and distinguished *United States v. Wrensford*, 2014 WL 3907021 (D.V.I. Aug. 11, 2014), where the police transported a suspect to the police station for investigative purposes during

2

a *Terry* stop. *Id.* at 7. Finally, he contended that the statements he made on September 23 and 24, 2015 were the fruits of an illegal seizure and illegal arrest and must be suppressed. *Id.* at 8-9.

The Government argued in opposition that: (1) the police had reasonable suspicion to stop and detain the Defendant based on numerous pieces of information; (2) transport of the Defendant from the scene to the police station was reasonable; (3) a *Terry* stop does not require that *Miranda* warnings be given; and (4) Defendant's statements were not the fruits of an illegal seizure and illegal arrest but, even assuming *arguendo* that an illegal seizure and arrest took place on September 23, 2015, Archibald's statement on September 24, 2015 should not be suppressed as the fruit of the poisonous tree because he initiated contact with the police that day and waived his rights, which purged the effects of any alleged illegal arrest. (Dkt. No. 29 at 4-13).

The Court held a suppression hearing on Defendant's "Motion to Suppress Identification" on February 26, 2016, at which Detective Naomi Joseph and Officer Robert Combie of the Virgin Islands Police Department, and S.S., one of the victims in this case, testified on behalf of the Government. The facts are fully set forth in the Memorandum Opinions in which the Court denied each of Defendant's suppression motions. *See* Dkt. No. 61 at 1-6; Dkt. No. 85 at 2-8. At the conclusion of the hearing, the parties presented oral argument on Defendant's "Motion to Suppress Identification." The Court denied that Motion on April 14, 2016. (Dkt. Nos. 60, 61).

On April 15, 2016, the Court held a hearing on Defendant's "Motion to Suppress Physical Evidence and Statements" ("Motion to Suppress"). Because testimony had already been presented at the hearing on the previous motion on February 26, 2016, that included the necessary facts for the Motion to Suppress, the parties incorporated that testimony by reference and presented approximately two hours of oral argument on the issues raised in the Motion to Suppress. The parties argued: whether Archibald had been seized; whether he had been in custody; whether there

was a *Terry* stop and, if so, the scope of a *Terry* stop, citing *Dunaway* and *Wrensford*; the legal implications of transporting Archibald to the police station, citing *Murphy v. Mifflin Cnty. Reg'l Police Dep't,* 548 F. App'x 778 (3d Cir. 2013), *United States v. Sharpe*, 470 U.S. 675 (1985), and *United States v. Johnson*, 592 F.3d 442 (3d Cir. 2010); and whether Archibald's statements were voluntary.

In a Memorandum Opinion issued on June 3, 2016, the Court denied Defendant's Motion to Suppress. (Dkt. Nos. 84, 85). The Court first noted that the Government had not disputed that Archibald was "seized" within the meaning of the Fourth Amendment after he told a VIPD officer to "let [him] be" in response to her request that he identify himself and she persisted in asking him questions. (Dkt. No. 85 at 13-14). The Court also found that: the police officers had reasonable suspicion to justify the *Terry* stop of Archibald; he was not subjected to a *de facto* arrest when he was transported to the police station; he was not in custody and was not subjected to a custodial interrogation at the police station; he voluntarily waived his *Miranda* rights before he made his statements on September 24, 2015; and he voluntarily consented to have his photograph and DNA sample taken. (Dkt. No. 85 at 11-32).

Archibald filed the instant Motion to Reconsider on September 6, 2016, in which he makes three arguments. (Dkt. No. 111).[1] He first asserts that the Court erred in finding that his "initial involuntary transport" to the police station did not require probable cause—a ruling, according to

---

[1] The title of Archibald's Motion to Reconsider is "Motion to Reconsider Motion to Suppress Physical Evidence and Statements." In an apparent inconsistency, the first page of the motion asks the Court to reconsider its denial of *both* suppression motions filed by Archibald (suppressing identification and physical evidence/statements). Then, the body of the Motion to Reconsider reverts back to what is conveyed in the title of the motion by focusing solely on arguments related to the Motion to Suppress Physical Evidence and Statements. Because Archibald has failed to provide any arguments in support of reconsideration of his Motion to Suppress Identification, the Court finds there is no basis for reconsidering its ruling on that motion, and will further assess the Motion to Reconsider only in relation to the Motion to Suppress Physical Evidence and Statements.

Defendant, that "contravenes the holdings in several Supreme Court cases that prohibit this type of a seizure absent probable cause." *Id.* at 3. In that context, he claims that the Court erred in its analysis of *Dunaway*, *Florida v. Royer*, 460 U.S. 491 (1983), and *Hayes v. Florida*, 470 U.S. 811 (1985), as well as *Johnson, Sharpe*, and *Murphy*. (Dkt. No. 111 at 3-15).

Archibald's second argument is that his seizure was tantamount to an arrest. Again, he focuses on the legal implications of being transported to the police station. *Id.* at 15-16. His third argument challenges the Court's finding that he was not in custody for purposes of a *Miranda* analysis. *Id.* at 16-17. He adds that the Court also erred because it did not examine certain conduct, such as the officers questioning him about his immigration status, as it relates to his cooperation with the police after his initial request to be left alone. *Id.* at 17-18.

In its Opposition, the Government points out that Defendant's Motion to Reconsider does not comport with the standard for such a motion, and contends that Archibald's reliance on the cases in his brief is misplaced. (Dkt. No. 120).

## II. DISCUSSION

### A. Legal Standard

In order to prevail on a motion for reconsideration, "a plaintiff must show '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'"[2] *Butler v. Pa. Bd. of Probation & Parole*, 613 F. App'x 119, 125 (3d

---

[2] Clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.,* 636 F. App'x 857, 861 n.8 (3d Cir. Jan. 8, 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been

Cir. 2015) (quoting *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also* Local Rule of Civil Procedure 7.3 (listing same three grounds); *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004) (noting that the Local Rule of Civil Procedure governing motions for reconsideration "is intended to focus the parties on the original pleadings as the 'main event' and to prevent parties from filing a second motion with the hindsight of the court's analysis covering issues that should have been raised in the first set of motions."). Reconsideration is an extraordinary remedy and "should be granted sparingly" in accordance with the "stringent" standard for such a motion. *Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. Dec. 19, 2014) (internal quotation marks omitted); *accord Bostic*, 312 F. Supp. 2d at 733.

Motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic*, 312 F. Supp. 2d at 733); *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."); *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."). In

---

defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

addition, reconsideration is not a substitute for appeal and is not a proper avenue for repeated litigation of the merits of a case. *See Green v. Apker*, 153 F. App'x 77, 80 n.5 (3d Cir. 2005).

"Said differently, a motion for reconsideration may not be used to give a litigant a 'second bite at the apple,'" *Jarzyna v. Home Props., L.P.,* __ F. Supp. 3d __, 2016 WL 2623688, at *7 (E.D. Pa. May 6, 2016) (quoting *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995)). Thus, a motion for reconsideration may address "only factual and legal matters that the Court may have overlooked" and may not "ask the Court to rethink what it had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quoting *Ciba-Geigy Corp. v. Alza Corp.,* 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993)).

### B. Analysis

As indicated above, case law and Local Rule of Civil Procedure 7.3 provide three bases upon which a party may seek reconsideration of an order or judgment: an "intervening change in the controlling law"; the "availability of new evidence" that was unavailable when the court issued the order; or a "need to correct clear error of law or fact or to prevent manifest injustice." *Butler*, 613 F. App'x at 125; LRCi 7.3. The legal standard which governs a motion for reconsideration is absent from Defendant's brief, as is the ground upon which he is asking the Court to reconsider its Memorandum Opinion and Order denying his Motion to Suppress.

After examining Defendant's Motion to Reconsider, the Court cannot find any argument where Archibald asserts that the availability of new evidence or an intervening change in controlling law occurred during the time frame between either hearing on the Motions to Suppress

and when he filed his Motion to Reconsider.[3] Rather, Archibald's brief consists of an analysis of cases from the Supreme Court, Third Circuit and other circuits in an attempt to support the proposition that the Court's ruling "contravenes the holdings in several Supreme Court cases" that prohibit the type of seizure involved in this case absent probable cause (Dkt. No. 111 at 3); the Court erred in its Memorandum Opinion in interpreting *Oregon v. Mathiason*, 429 U.S. 648 (1976), in its determination that Archibald was not in custody pursuant to *Miranda,* as the facts in *Mathiason* were not comparable to the facts in this case. *Id.* at 17-18. Archibald's position appears to implicate the "clear error of law" ground upon which a court may address a Motion to Reconsider.

When examining this ground for a Motion to Reconsider, courts in this Circuit have long recognized "that 'any litigant considering bringing a motion to reconsider based upon [the third ground] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant.'" *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994) (quoting *Reich v. Compton,* 834 F. Supp. 753, 755 (E.D. Pa. 1993)); *GMAC Bank v. HTFC Corp.*, 252 F.R.D. 253, 259 (E.D. Pa. 2008) (same, quoting *Smith*); *Mpala v. Smith*, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), *aff'd* 241 F. App'x 3 (3d Cir. 2007) (noting that "a mere disagreement with the court does not translate into a clear error of law.").

The Court finds that Defendant's Motion to Reconsider merely expresses disagreement with this Court's analysis of certain cases—in particular, *Johnson* and *Murphy*—and its conclusions that the initial transport of Archibald to the police station did not constitute a *de facto*

---

[3] Archibald also referred to the Court not taking account of certain facts that were testified to during the February 26, 2016 hearing, such as the VIPD Officers questioning him about his immigration status. (Dkt. No. 111 at 17). This does not represent "new evidence" for purposes of a Motion to Reconsider.

arrest and did not require probable cause. The Court rejected this exact argument, finding that, in the context of the circumstances present here, "it was reasonable to handcuff and transport Defendant to the police station—a secure and safe area—for further investigation." (Dkt. No. 85 at 20). In this same vein, Defendant also reargues the applicability, or not, of *Dunaway* and *Wrensford* to this case—arguments which were raised both in his Motion to Suppress and during the April 15, 2016 suppression hearing (with the addition of *Sharpe*). The Court considered these cases and rejected Defendant's arguments in adjudicating the Motion to Suppress. Thus, what Defendant Archibald characterizes as the Court having "contravened" Supreme Court cases and having improperly analyzed other cases is nothing more than Archibald "register[ing] his disagreement with the Court's analysis, rearguing and relitigating those points. This is a patently improper basis for a court to grant a Motion for Reconsideration and is rejected accordingly." *United States v. Wesselhoft*, 2016 WL 3211822, at *5 (D.V.I. June 9, 2016).

Finally, Archibald challenges the Court's finding that he was not in custody for purposes of a *Miranda* analysis, and challenges the Court's application of *Mathiason* to the facts in this case. Once again, Archibald is "rearguing matters already addressed by the court, or [ ] raising arguments that could have been raised before but were not." *Greene*, 2012 WL 4755061, at *2. He is merely expressing his disagreement with the Court's analysis of *Mathiason*; there is no indication that the Court committed a clear error of law in applying *Mathiason* here.

Archibald's disagreement with the Court's analysis is more appropriately grist for an appeal than a Motion to Reconsider—which presents another reason to deny the Motion. *Green,* 153 F. App'x at 80 n.5; *Gonzalez v. United States*, 2005 WL 3588478, at *1 (D.N.J. Dec. 29, 2005) ("In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to 'ask the court to rethink what it ha[s] already thought through—rightly or

9

wrongly.'") (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). The Court declines to accept Archibald's invitation to rethink and re-review what it has already thought through and set forth in its Memorandum Opinion and Order denying his Motion to Suppress.

Finally, to the extent that Archibald argues the applicability, or not, of other cases, raised for the first time in his Motion to Reconsider, that, too, is an improper basis to grant such a motion. A Motion to Reconsider does not present an opportunity for a party to either reargue positions taken previously or to raise arguments that could have been raised before but were not, *Greene,* 2012 WL 4755061, at *2, thus giving the party a "second bite at the apple." *Jarzyna*, 2016 WL 2623688, at *7.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's "Motion to Reconsider Motion to Suppress Physical Evidence and Statements." (Dkt. No. 111).

An appropriate Order accompanies this Memorandum Opinion.

Date: December 28, 2016 _____/s/_____
                                                        WILMA A. LEWIS
                                                        Chief Judge