# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PHILMORE TREVOR ARCHIBALD, )<br>)<br>Defendant. )<br>_____ ) | Criminal Action No. 2015-0041 |

**Attorneys:**

**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
   *For the Government*

**Kia Danielle Sears, Esq.**
St. Croix, U.S.V.I.
   *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on the Government's "Motion to Authorize Payment from Inmate Trust Account" ("Motion") (Dkt. No. 406). In its Motion, the Government requests that the Court enter an order "authorizing [the Bureau of Prisons ("BOP")] to turn over to the Clerk of Court $560 from Defendant's inmate trust account to apply towards his outstanding criminal monetary penalty." (Dkt. No. 406 at 2). Defendant Philmore Trevor Archibald ("Defendant") did not file any response to the Motion. For the reasons that follow, the Court will grant in part the Government's Motion.

### I.  BACKGROUND

Defendant pleaded guilty on December 29, 2016 to one count of "aiding and abetting another, taking a motor vehicle that [was] transported, shipped, and received in interstate commerce from a person and in their presence, by force, violence, and intimidation, with intent to

cause serious bodily harm, in violation of Title 18 U.S.C. § 2119(1) and Title 18 U.S.C. § 2." *Id.* at 1.  Defendant was sentenced to 15 years of imprisonment, three years of supervised release and was ordered to pay $3,045.28 in restitution and a $100 special assessment.[1] *Id.* at 2.  The restitution was ordered as "payable in monthly installments in an amount equal to 50% of the funds deposited into the Defendant's inmate trust fund account during the period of his incarceration." (Dkt. No. 403 at 7).  The Court stated that it "intends to include any monies earned and any monies that come to Defendant from any source whatsoever as the total sum from which the 50% is to be calculated and paid monthly" and that the restitution order "applies throughout Defendant's term of imprisonment, and if the full amount is not paid, the restitution payments will be continued throughout Defendant's period of supervised release." *Id.*

The Government states that Defendant is currently incarcerated at FCI Coleman Medium in Sumterville, Florida and is scheduled to be released in July 2028. (Dkt. No 406 at 2).  As of the filing of the instant Motion on August 19, 2021, Defendant had paid a total of $25 towards the restitution amount.  *Id.*[2]  However, the Government notes that a "Treasury Offset payment of $1781 was received," and thus "the current restitution debt balance [was] $1,339.08."[3]  *Id.*  The Government represents that it "learned that Defendant has substantial funds in his inmate trust account." *Id.*  The Government thus seeks "entry of an order authorizing BOP to turn over to the Clerk of Court $560 from Defendant's inmate trust account to apply towards his outstanding criminal monetary penalty." *Id.*

---

[1] The special assessment was due "immediately." (Dkt. No. 403 at 7).

[2] As of the filing of this Order on August 11, 2025, the Court understands that Defendant's outstanding restitution debt balance is $1,014.08.

[3] The Court notes that a total amount of $3,045.28 restitution due, less a payment of $25 and a Treasury Offset payment of $1,781, would appear to result in a restitution balance of $1,239.28 at the time of the filing of the instant Motion, not $1,339.08.

2

## II.   APPLICABLE LEGAL PRINCIPLES

The United States "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined," with certain exceptions.[4] *Id.* Further, "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

## III.   DISCUSSION

The Government argues that: (1) "a lien exists on the funds held in Defendant's inmate trust account because the restitution was imposed as part of his sentence"; (2) it is "not required to rely upon other formal collection remedies such as garnishment or execution in order to obtain these funds"; and (3) "because the property is cash, it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case." (Dkt. No. 406 at 2-3). As previously stated, Defendant did not file any response to the Government's Motion.

This Court has previously recognized that the Government is "responsible for collection of an unpaid fine" and is using its statutory authority to do so when seeking the authorization of payments from an inmate's trust account. *See United States v. Riviere*, 2022 WL 2751608 at *3

---

[4] The exceptions are: (1) "wearing apparel and school books"; (2) "fuel, provisions, furniture, and personal effects"; (3) "books and tools of a trade, business, or profession"; (4) "unemployment benefits"; (5) "undelivered mail"; (6) "certain annuity and pension payments"; (7) "workmen's compensation"; (8) "judgments for support of minor children"; (9) "certain service-connected disability payments"; and (10) "assistance under the Job Training Partnership Act." 18 U.S.C. § 3613(a)(1) (exempting the property listed in 26 U.S.C. § 6334(a)(1)-(8), (10), and (12) from the property against which a fine may be sought).

(D.V.I. July 13, 2022) (citing 18 U.S.C. § 3612(c) and cases in support). Indeed, this Court has previously authorized the payment of $1,820—representing approximately 30% of the total amount of $6,027.72 in the account—from an inmate's trust account to be credited to the inmate's outstanding fine balance of $30,537. *Id.* at *1, *3. Additionally, a panel of the Third Circuit has affirmed a district court's authorization of the type of relief that the Government seeks in this case, including in circumstances where the Court has already provided for the fine to be payable on a quarterly schedule in an amount "equal to 50 percent of the funds deposited into the defendant's inmate trust fund account." *United States v. Rios*, 835 F. App'x 684, 686 & n.2 (3d Cir. 2021).

Based on the Court's understanding that a restitution amount of $1,014.08 remains outstanding as of August 11, 2025, it would appear that, with the exception of the Treasury Offset payment of $1781, only $250.20 was transferred from Defendant's Inmate Trust Fund Account to pay restitution over the course of Defendant's first six and a half years of imprisonment. The Court thus finds that the 50% of the amount in Defendant's trust account that was included in the Amended Judgment in a Criminal Case in this matter—up to the total amount of restitution outstanding—is an appropriate amount to be deducted from Defendant's trust fund at this time.[5] Accordingly, the Court will grant in part the Government's Motion.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government's "Motion to Authorize Payment from Inmate Trust Account" (Dkt. No. 406) is **GRANTED IN PART**; and it is further

**ORDERED** that the Bureau of Prisons is authorized to turn over to the Clerk of Court, and the Clerk of Court shall accept, funds in the amount of **50%** of the total value of the funds currently

---

[5] The Court additionally reminds the Government that the Court has previously authorized a monthly payment amount "equal to 50% of the funds deposited into the Defendant's inmate trust fund account during the period of his incarceration." (Dkt. No. 403 at 7).

4

held in the trust account, up to a **MAXIMUM** of the remaining restitution amount of **$1,014.08**, for the following inmate:

> Philmore Trevor Archibald
> Register Number 09781-094
> FCI Coleman Medium
> 846 NE 54th Terrace
> Sumterville, FL 33521

and it is further

**ORDERED** that the Clerk of Court shall apply these funds toward payment for the restitution owed by Defendant Philmore Archibald to victims T.P. and S.S. in this case; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Memorandum Opinion and Order to Defendant Philmore Archibald by certified mail, return receipt requested.

**SO ORDERED**.

Date:   August 11, 2025                               _____/s/_____
                                                      WILMA A. LEWIS
                                                      Senior District Judge